IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DAVID K.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Civil No. 22-7491 (RMB)

**OPINION**

**APPEARANCES**

Jamie R. Hall, Esq.
Olinsky Law Group
110 East State Street, Suite 12
Kennett Square, PA 19348

    *On behalf of Plaintiff*

Andrew C. Lynch
Special Assistant U.S. Attorney
c/o Social Security Administration
Office of Program Litigation, Office 3
Office of the General Counsel
6401 Security Boulevard
Baltimore, MD 21235

    *On behalf of Defendant*

---

[1] Due to the significant privacy concerns in Social Security cases, any non-governmental party will be identified and referenced solely by first name and last initial in opinions issued in Social Security cases in the United States District Court for the District of New Jersey. *See* D.N.J. Standing Order 2021-10.

1

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon an appeal filed by Plaintiff seeking judicial review of the final determination of the Commissioner of the Social Security Administration (the "Commissioner" and the "SSA," respectively), which denied his application for Social Security Disability benefits. For the reasons set forth herein, the Court **VACATES and REMANDS** the decision of the Administrative Law Judge ("ALJ") for further proceedings consistent with this Opinion.

## I. PROCEDURAL HISTORY

On August 11, 2020, Plaintiff filed an application for Social Security Disability benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of disability beginning March 14, 2020. [R. at 53.] The claims were first denied on October 26, 2020, and again denied upon reconsideration on July 8, 2021. [R. at 68 – 69, 74–75.] On July 14, 2021, Plaintiff filed a written request for a hearing before an ALJ. [R. at 78–79.] That hearing took place on November 8, 2021. [R. at 27–51.] Plaintiff was represented by an attorney at the hearing, at which the ALJ heard testimony from Plaintiff. [R. at 30–44.] The ALJ also heard testimony from a vocational expert, Jay Steinbrenner. [R. at 44–50.] The ALJ issued her decision on November 19, 2021, finding that Plaintiff was not disabled under the Act. [*See infa* at III.C.] On October 24, 2022, the Appeals Council denied Plaintiff's renewed request for review, rendering the ALJ's decision final. [R. at 1–7.] Plaintiff now seeks this Court's review pursuant to 42 U.S.C. § 405(g).

## II.   STANDARD OF REVIEW

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Cons. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. *See Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. *Sykes*, 228 F.3d at 262 (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless

3

of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i–v). The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. *Id.* Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" *Id.* §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" *Smith*, 631 F.3d at 634. If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.
>
> At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves on to step five.
>
> At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] ... age, education,

4

and work experience[.]" *Id*. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

*Hess*, 931 F.3d at 201–02 (some alterations omitted).

### III. FACTUAL BACKGROUND

The Court recites only the facts that are necessary to its determination on appeal, which is narrow. Plaintiff was 57 years old on the alleged onset date and 59 years old at the time of the ALJ's decision. Plaintiff met the insured status requirements of the Act through December 31, 2021, meaning that he had to establish disability on or before that date to be entitled to benefits. [*See* R. at 14.]

#### A. Plaintiff's Educational Work, and Medical History

Plaintiff has a high school education. [R. at 21.] In the fifteen years preceding the alleged onset of his disability, he worked as a security guard in a mental health facility. [R. at 21 (ALJ concluding Plaintiff had past relevant work experience as a security guard); *see also* R. at 198.] Plaintiff suffers from the following physical impairments: diabetes mellitus, hypertension, osteoarthritis of bilateral knees, obesity, and hyperlipidemia.

#### B. The ALJ's Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period of March 14, 2021, through December 31, 2021. [R. at 16.]

At Step Two, the ALJ found that Plaintiff suffered from the following severe impairments: diabetes mellitus, hypertension, and osteoarthritis of bilateral knees. [*Id.*] But the ALJ found that Plaintiff's obesity and hyperlipidemia were non-severe impairments. [R. at 17.]

At Step Three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. [R. at 17–18.]

At Step Four, the ALJ found that, during the relevant period, Plaintiff had the RFC

> to perform a full range of work at all exertional levels but with the following non-exertional limitations: he can occasionally climb ramps and stairs, balance, stoop, kneel and crouch; he can never climb ladders, ropes or scaffolds and crawl; and he can have no constant operation of foot controls bilaterally.

[R. at 18.] The ALJ, crediting the testimony of the vocational expert, found that Plaintiff could perform past relevant work as a security guard which would not require the performance of work-related activities precluded by the Plaintiff's residual functional capacity. [R. at 21.] Accordingly, the ALJ concluded that Plaintiff was not disabled.[2]

---

[2] In the alternative, the ALJ found for purposes of Step Five that there were other jobs existing in significant numbers in the national economy that Plaintiff also could perform, considering his age, education, work experience, and RFC. [R at 21.] Crediting testimony of the vocational expert, the ALJ found that Plaintiff could make a successful adjustment to other work existing in the national economy such as a warehouse worker, laundry worker, or a kitchen porter. [R. at 21–22.]

## IV. DISCUSSION

Plaintiff raises only one argument in support of remand. He argues that Plaintiff's RFC was unsupported by substantial evidence because the ALJ improperly determined that a physical assessment questionnaire completed by Plaintiff's treating physician, Dr. William Young, was unpersuasive. [R. at 20 ("[Dr. Young's] opinion is not persuasive overall.").] More specifically, Plaintiff argues that in failing to credit Dr. Young's opinion, the record was without any other opinion evidence from which the ALJ could determine Plaintiff's RFC and that the ALJ's decision did not otherwise support the arrived-at RFC with substantial evidence. [Pl.'s Br. at 13–15.][3] The Court agrees.

### A. Dr. Young's Physical Assessment Opinion

Dr. Young is Plaintiff's primary care physician. [R. at 248.] In April 2021, Dr. Young completed a physical assessment questionnaire on behalf of Plaintiff. [R. at 383–85.] The questionnaire required Dr. Young to fill out information regarding Plaintiff's knee impairment symptoms. [R. at 384.] The completed questionnaire makes the following findings that Plaintiff: (i) has constant symptoms severe enough to interfere with the attention and concentration required to perform simple work-related tasks; (ii) cannot walk a city block without rest or significant pain; (iii) could stand/walk for four hours per day and sit for four hours per day; (iv) would need to take unscheduled breaks twice per hour for five minutes during an eight-hour work

---

[3] Defendant does not contest that Dr. Young's opinion is the only one in the record.

7

day; and (v) that Plaintiff could lift ten pounds, occasionally lift twenty pounds, but never lift 50 pounds. [*Id*.] Dr. Young certified that Plaintiff's knee impairments were reasonably consistent with the symptoms and functional limitations described in the questionnaire. [R. at 385.]

>    B.    Whether the ALJ Properly Evaluated Dr. Young's Medical Opinion

Plaintiff primarily relies on *Lucent v. Commissioner of Social Security*, 2020 WL 2217269 (M.D. Pa. May 7, 2020) in support of his argument that the ALJ's RFC determination was not supported by substantial evidence. In *Lucent*, the court explained that although an ALJ has a duty to assess a claimant's RFC considering all the relevant medical evidence, objective medical evidence and treatment records are only relevant to an ALJ's RFC assessment "if they include findings about a claimant's functional abilities [] sufficient to support specific findings in an RFC assessment on their own." *Id*. at *9 (emphasis removed). The court found that an ALJ's RFC was not supported by substantial evidence because the ALJ, discounting the only available medical opinion, cited "no direct support for the actual limitations assessed (i.e., nothing in the records suggests how long Plaintiff could be expected to sit, stand, walk, or how much she can lift or carry)." *Id*. Instead, the treatment records relied on by the ALJ in support of the RFC only vaguely described "normal" findings related to the plaintiff's impairment which the court found was "simply inadequate to support the very specific [RFC] findings that the ALJ is required to make." *Id*.

The Court agrees with the reasoning articulated in *Lucent* and finds the instant case analogous. Here, the ALJ found Dr. Young's opinion unpersuasive explaining that:

> The opinion is not supported by Dr. Young's own conservative treatment with the claimant involving medication management with a lack of reported associated symptoms for diabetes mellitus and hypertension, along with no signs of edema, gait or neurological deficits related to the claimant's knee impairment. [R. at 250–51, 255, 258, 261, 264, 268, 392–94, 397, 399–401.] Additionally, the opinion is not consistent with the claimant's noted improvement with treatment for his knee impairment, as the claimant reported an injection was effective in alleviating his symptoms for about 6 months, along with the lack of any recommendation for surgical intervention by his orthopedist. [R. at 318–19.] Moreover, the opinion is not consistent with the claimant's hypertension and diabetes mellitus being controlled with medication with no evidence of any complications. [R. at 251–52, 257, 264, 270, 328, 393–94, 400.]

[R. at 20.] Although the ALJ's decision sufficiently addressed the supportability and consistency of Dr. Young's opinion, finding it unpersuasive, *see* 20 C.F.R. § 404.1520c(a), the Court finds that there was not substantial evidence to otherwise support the arrived-at RFC. The ALJ, in other words, was entitled to find Dr. Young's opinion unpersuasive, but in so doing, the ALJ's determinations regarding Plaintiff's RFC had to be rooted elsewhere in the medical record.[4] The Court finds that it was not.

---

[4] Defendant is correct that the Third Circuit has cautioned that physical assessment forms like the one filled out by Dr. Young that "require[] the physician only to check boxes and briefly to fill in blanks ... are weak evidence at best." *Galette v. Comm'r Soc. Sec.,* 708 F. App'x 88, 91 (3d Cir. 2017). But again, while the ALJ is entitled to reject such evidence as weak, the ultimate RFC determination still must be supported by specific objective medial evidence or treatment notes located elsewhere in the record.

9

Subtracting Dr. Young's opinion, the medical and treatment record relied on by the ALJ—as in *Lucent*—only vaguely describes Plaintiff's "normal" symptoms such as his lack of edema, nearly full range of motion in his joints, intact sensation and reflexes, and normal coordination and normal muscle strength and tone. [R. at 19.] But such medical and treatment records describing "normal" findings related to Plaintiff's knee impairment do not discuss Plaintiff's ability to perform specific physical functions such as how long Plaintiff "could be expected to sit, stand, walk, or how much [he] can lift or carry." *See Lucent*, 2020 WL 2217269, at *9. Absent additional opinion evidence, the coupling between the determined RFC and the medical evidence cited needed to be stronger.

Determining a claimant's RFC is a medical assessment. 20 C.F.R. §§ 404.1545(a), 416.945(a). But ALJs are not doctors. They cannot determine, without help from a physician, how much a claimant can lift, how long they can sit or stand, or how many city blocks they can walk. *See McKean v. Colvin*, 150 F. Supp.3d 406, 418 (M.D. Pa, 2015) ("Rarely can a decision be made regarding a claimant's residual functional capacity without an assessment from a physician regarding the functional abilities of the claimant."). An ALJ is entitled to reject RFC opinion evidence. But if they do, the RFC determination must be supported by more than "[v]ague treatment records that include "normal" findings." *Lucent*, 2020 WL 2217269, at *9. Such support is "simply inadequate to support the very specific findings that the ALJ is required to make." *Id*. On remand, the ALJ must either further develop the factual

record as to Plaintiff's functional capacity, or more clearly cite to specific evidence in the existing record that supports the ALJ's arrived-at RFC determination. *Id.*

## V. CONCLUSION

For the foregoing reasons, the ALJ's decision is **VACATED** and the case is **REMANDED** for further proceedings. An accompanying Order shall issue.

**December 21, 2023**                           **s/Renée Marie Bumb**
Date                                                 RENÉE MARIE BUMB
                                                                     Chief United States District Judge